UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELEN HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **H-04-3361** |
| | § | |
| JOE W STEELMAN, | § | |
| | § | |
| Defendant. | § | |

### **MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court in this housing discrimination case is Defendant's Motion for Summary Judgment (Document No. 25). After having considered the motion, the summary judgment evidence, and the applicable law, the Court Orders[1], for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED.

**I.   Background**

Pro se Plaintiff Helen Howard ("Howard") asserts racial discrimination claims under the U.S. Fair Housing Act, 42 U.S.C. §§ 3601-19, 3631. Howard, a black woman, claims the Defendant, Joseph Steelman ("Steelman"), a white man, discriminated against her in the leasing arrangements for a single-family residence from 1997 to 2003. The residence qualified for the U.S. Department of Housing and Urban Development (HUD), Section 8, Tenant Based Assisted Housing Choice Voucher Program administered by the Harris County Housing Authority during Howard's lease.

---

[1] On January 10, 2005, upon the consent of all the parties, this case was transferred to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 13.

Howard alleges Steelman gave preferential treatment to previous tenants, who were white. Howard further alleges Steelman violated the Americans with Disabilities Act. *See* Plaintiff's Complaint at 2 (Document No. 3).

## II.     Arguments for Summary Judgment

Steelman argues that he is entitled to summary judgment on the Fair Housing Act ("FHA") complaint because Howard is unable to show Steelman practiced discriminatory intent or that any of his acts had a discriminatory effect upon Howard or her lease of the residence. Steelman further argues that Howard's claims are limited to racial discrimination only and that she has no viable claim based on her disability. Plaintiff has not filed a response to Defendant's Motion for Summary Judgment.

## III.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This standard provides that the mere existence of some factual dispute will not defeat a motion for summary judgment. *See Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993); *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir. 1992). Rather, Rule 56 mandates that the fact dispute be genuine and material. *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 314 (5th Cir. 1995). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247 (1986), and the Court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (*citing United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)); *Kelley v. Price Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir. 1993); *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986). Once this burden has been met, the non-moving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 250. The non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 325. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Once the parties have submitted evidence of contradictory facts, justifiable inferences are to be drawn in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255.

Even if the standards of Rule 56 are met, a court may deny a motion for summary judgment if, in its discretion, it determines that "a better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 257; *Veillon v. Exploration Services, Inc.,* 875 F.2d 1197, 1200 (5th Cir. 1989).

IV.     **Discussion**

   A.     **Fair Housing Act Claims**

In order to prevail on a claim for violation of the Fair Housing Act, a plaintiff such as Howard must establish a *prima facie* case by adducing evidence (1) that she attempted to enter into a real estate transaction with Steelman, (2) that she has standing, (3) that Steelman discriminated against her, and (4) that she suffered an actual injury. Steelman maintains that there is no summary judgment evidence that supports all the elements required for this *prima facie* case.

Howard has not filed a response to Steelman's Motion for Summary Judgment, and therefore Howard has not submitted *any* summary judgment evidence in support of her claims. In particular, Howard has not come forth with any summary judgment evidence that Steelman made unavailable or denied housing on a prohibited basis; that different lease terms were not made available to her because of her race; or that Steelman failed to provide reasonable accommodations due to her handicap.[2]

---

[2] Howard makes reference to the Americans with Disabilities Act in her "Resolution = Recommedation [sic]" (Document No. 3), but stated during deposition her complaint involves discrimination solely based on race.

> Q. What you're alleging is that Mr. Steelman discriminated against you based on race in the renting of the house at 3615 Sandydale?
> A. Correct.
> Q. Nothing else.
> A. Nothing else.
> Q. And, basically, you're saying that he violated the Texas Fair Housing Act and the Federal Fair Housing Act in that he discriminated against you based upon race; is that correct?
> A. Correct.
> Q. And the reason I'm – seems like I'm asking the same question over and over. I'm trying to eliminate other things.
> A. Okay.
> Q. The discrimination that you allege is racial in nature, not physical handicap. Is

Because Plaintiff has not come forth with any summary judgment evidence in support of a *prima facie* case of discrimination under the Fair Housing Act, Defendant is entitled to summary judgment on Plaintiff's Fair Housing Act claims.

V.   **Conclusion and Order**

Based on the foregoing, and the absence of any summary judgment evidence to support any of Plaintiff's claims, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 25) is GRANTED, and summary judgment is GRANTED in favor of Defendant Joe Steelman on all the claims alleged by Plaintiff Helen Howard.

---

that a fair statement?
A. Racial – well, yeah, racist.  Then he didn't know – he didn't know that I was handicap.
Q. Okay.  Well, then, would it be fair to say if he didn't know you were handicapped, he couldn't have discriminated against you on that?  I'm just trying to get what the allegations of the lawsuit are.
A. The lawsuit, what it boils down to, Mr. Steelman is a racist.  I didn't know he was racist.  I wished I'd have knew that then, I never would have moved into his residence.  I never would have done that.
Q. And here's – let me tell you where I'm going Ms. Howard.  In other words, if there are several different things, I've got to go down each of those trails.
A. Okay.
Q. What I'm trying to do is eliminate anything I can to make today's deposition shorter.
A. Short, okay.
Q. I know you have a physical handicap.
A. Right.
Q. But it looks to me like your allegation is racial discrimination, not physical handicap discrimination.  Is that a fair statement?
A. That's a pretty fair statement.

Oral Deposition of Helen Howard, Sep. 30, 2005, pp. 13-15.

Signed at Houston, Texas, this 9th day of January, 2006

_____
Frances H. Stacy
United States Magistrate Judge